**WILEMON et al.**

v.

**CITY & COUNTY OF DALLAS LEVEE IMP. DIST. et al.**

No. 4975.

Court of Civil Appeals of Texas. El Paso.

Dec. 16, 1953.

Rehearing Denied Jan. 6, 1954.

Bonney, Paxton & Wade, Herbert S. Paxton, Jr., Dallas, for appellants.

Bowyer, Gray, Thomas, Crozier & Harris, Scurry, Scurry & Pace, Dallas, for appellees.

McGILL, Justice.

This was a suit in trespass to try title to an acre of land, more or less, alleged to lie in the river bed of the Old Trinity River Channel in Dallas County, and for a mandatory injunction requiring defendants to remove certain improvements and fill placed on said land, and for an injunction to prevent defendants from placing other improvements thereon. Trial was to a jury, but at the close of all the evidence on motion of plaintiffs the court withdrew the case from the jury and found that the State of Texas was the fee simple owner of the land, subject to the right of use and possession thereof for flood control and reclamation purposes of plaintiffs, and granting plaintiffs such right, use and possession against defendants, and also the injunctive relief prayed for. Appellees were plaintiffs in the trial court and appellants were defendants. A further statement of the nature of the suit is deemed necessary at this point. The following appears from plaintiffs' petition:

"(1) Plaintiffs are each governmental agencies created by the Legislature in accordance with the Conservation Amendment (article XVI, Sections 59a and 59b) of the Constitution [Vernon's Ann.St.] of this State.

"(2) That in accordance with the statutes, a 'Plan of Reclamation' for the City and County of Dallas Levee Improvement District was approved by the State Reclamation Engineer, the Board of Supervisors of the District, and was filed for record on November 6, 1926.

"(3) Said Plan of Reclamation provided for a change in the course of the channel of the Trinity River as the same existed at that time and the straightening thereof along a new channel constructed between the levees, and provided for a storage basin and area in the old channel of the Trinity River, as indicated on the District Map, referred to and made a part thereof.

"(4) That said Plan of Reclamation provided and contemplated the continu-ing use of said old channel for channel and conduit purposes to carry water from creeks, storm sewers and other conduits to the sluice gates and pumping plants, and that the same was and is a necessary and requisite part of the Plan of Reclamation of the lands lying within the District.

"(5) That the meander lines of the old Trinity River Channel and storage basin were contained in the Report of the Commissioners of Appraisement.

"(6) The defendants own a tract of land adjoining the channel which was described by metes and bounds and the Defendants erected and constructed and caused to be erected and constructed fill, dirt, obstructions and improvements as shown and indicated on the maps and plat attached to the Plaintiffs' Petition and marked Exhibit 'A'.

"(7) That such encroachments constitute a serious interference with the channel storage facilities and area, to which Plaintiffs, under the Constitution and laws of this State have the exclusive right to the possession and use thereof."

Defendants answered by way of general denial and to the effect that under Article 7467b, R.C.S., Vernon's Ann.Civ.St., they claimed some right or interest in the land and stand ready, able and willing to comply with the provisions of said Article in order to perfect their title to the land; that on or about the 23rd day of March, 1949, the defendants placed valuable improvements on the land in good faith and expended therefor approximately $36,000 and that the plaintiffs had notice thereof but failed to prohibit them from placing said improvements, to the defendants' damage in said sum.

Plaintiffs filed their motion for summary judgment with supporting affidavits, and defendants answered said motion with supporting affidavits, and answered further with a formal "Not Guilty" plea and with affirmative allegations that the land in controversy was not in said river bed, but be-

longed to the defendants and was a part of the adjoining land which admittedly belonged to the defendants, and claiming damages for improvements placed on said land in good faith, in the alternative.

The court below entered an order on July 30, 1952, sustaining the motion for summary judgment as to all questions except the boundary line between the disputed property and that admittedly owned by defendants, to which action of the court defendants duly excepted.

■ By appropriate points appellants contend (1) that the Court erred in entering its order dated July 30, 1952, sustaining plaintiffs' motion for summary judgment in all respects except as to the question of boundary of the land in dispute; (2) erred in failing to enter judgment at the conclusion of the trial that plaintiffs take nothing; (3) erred in withdrawing the case from the jury and entering judgment against defendants without submission of fact issues to the jury; (4) erred in holding in its judgment that the State of Texas was the owner of fee simple title to the land in controversy; (5) erred in holding that plaintiffs were decreed the right to use and possession of a tract of land, the same not being described by exact metes and bounds; (6) erred in issuing its mandatory injunction requiring defendants to remove an indefinite amount of fills and indefinite improvements, identified only as "that fill" and "those improvements" which defendants placed on the land in controversy; and (7) erred in neither allowing defendants nor submitting to the jury damages for improvements placed on the land in controversy in good faith by them. The following background of facts relevant to the present controversy is admirably stated in Cox v. City & County of Dallas Levee Improvement Dist., Tex. Civ.App., 258 S.W.2d 851, 854, (wr. ref. n. r. e.):

"City and County of Dallas Levee Improvement District and Dallas County Flood Control District are bodies politic and corporate pursuant to Acts of the Legislature and Sec. 59(a), Art. 16, State Constitution, Vernon's Ann.

St.; and were created as such for the purpose of constructing and maintaining levees and other improvements necessary for reclamation of lowlands subject to periodic overflow of the Trinity River adjacent to the City. In accordance with provisions of the Constitution and Statutes a Plan of Reclamation was approved, adopted, and filed for record Nov. 6, 1926 covering some 10,500 acres of land lying within Levee District boundaries and under which Plan the course of the Trinity was changed, straightened, and placed between levees; and the old channel set aside for drainage and conduit purposes and the storage of storm waters. At the same time a survey of the old channel was ordered by the Levee District and its Commissioners of Appraisement; and an 'on the ground' survey descriptive of the old channel so set apart under the Plan was incorporated in the report of the Commissioners of Appraisement and filed for record in office of County Clerk, Nov. 28, 1926.

"The survey was undertaken under direction of T. C. Forrest, engineer for the Levee District, whose testimony on this trial was that the 1926 operation accurately surveyed the high or cut banks of the old channel, Trinity River, and meander lines established being monumented by iron pipes and witness trees."

As a matter of law the bed and channel of the old Trinity River unless conveyed or abandoned, remained the property of the State of Texas. Ray v. State, Tex.Civ. App., 153 S.W.2d 660, (w. r. w. m.). The defendant F. O. Wilemon, by deposition testified that appellants had received no conveyance to the property from the state. In other words:

"Q. Are you claiming any part of the land in controversy here? A. I couldn't claim it if I didn't have title to it."

The affidavit of T. C. Forrest, a professional engineer attached to plaintiffs' motion for summary judgment was in part:

"The Plan of Reclamation states specifically where certain portions of the Old Channel of the Trinity River to be used for the storage of these storm waters and for the transmission of these waters to gravity sluiceway outlets or to pump stations. It therefore became necessary to definitely define the Old Channel of the Trinity River in order to safeguard it for the storage of these storm waters. In doing this meander lines were established along the high banks of the Trinity River from the Santa Fe railroad upstream to the confluence of West Fork and Elm Fork prior to the time of their diversion into the new channel. The meander lines were carefully located and monumented by the establishment of iron pipe. The calls between the meander points were the results of precise instrument work by reading the angles from the vernier plate rather than from needle readings. In this procedure the angles are precisely recorded to within one minute of deviation. The survey of the meander lines of the Old Trinity River was undertaken in the year 1926 and was completed under my direction and control. I have now in my office the original field notes for each survey. The meander lines of the Old Trinity River as thusly surveyed were likewise set forth in the Report of the Commissioners of Appraisement of City and County of Dallas Levee Improvement District as the property lines abutting the Old River Channel. The Commissioners of Appraisement recognized this meander line as a boundary line between the Old Channel, which was to be used for storage, and the abutting property against which the Commissioners of Appraisement levied benefit assessments. In the subdivision of a large block of land in the Southeast portion of the District, the Industrial Improvement Project Addition recognized the boundaries of the meander lines as established by the Commissions of Appraisement in the plat that is reflected in Volume 5, Page 415, of the Map and Plat Records of Dallas County, Texas."

and the affidavit of Dick B. Granger, a professional engineer, also attached to the motion, was in part:

"The meander lines of the old Trinity River Channel and storage basin are contained in the Report of the Commissioners of Appraisement of City and County of Dallas Levee Improvement District. The said Plan of Reclamation has been carried out by City and County of Dallas Improvement District and is now being maintained by said last above named District and by Dallas County Flood Control District and the old channel of the Trinity River has been and is now being used for the purposes set out hereinabove and as set out in the Plan of Reclamation referred to. * * * The meander lines of the old Trinity River and Storage basin have generally been recognized by the public and persons owning or claim an interterest in such property and lands. Heretofore, there was dedicated Industrial Improvement Project, Units Nos. 1 and 2, an Addition to the City of Dallas, Texas, and a map and plat of said addition was filed for record in Volume 5, page 415, Map and Plat Records of Dallas County, Texas, which map and plat was filed for record July 25, 1938, and recorded August 27, 1938. I am familiar with said Dedication Map and the same sets forth the confines, boundaries and meander lines of the old channel of the Trinity River, a copy of the same is attached hereto and made a part hereof."

* * * * * *

"In the year 1951, a re-survey of the meander lines of the Old Trinity River was undertaken under my direction and control and on or about the 5th day of November, 1951, there was commenced under my said direction and control a re-survey of the meander lines in the vicinity of the above described tract of land, which re-survey was completed in February 1952. In making the re-sur-

vey of the meander lines of the old Trinity River some of the original points could not be found, then adjustments were made between points as found and all points were relocated. In doing so the footsteps of the original surveyor were followed. The boundary line between the above described tract of land and the old channel of the Trinity River was relocated in this way. In establishing Point 12–W, the original survey notes establishing the meander lines of the old Trinity River, which I have in my possession and control, set forth and call for an original survey witness tree, which in the survey undertaken beginning November 5, 1951 and ending in February, 1952, was found and relocated. The numbers of the points were used and set out in the original notes of the meanders of the Trinity River, which survey and notes were undertaken, and notes made in the year 1926, and have been in the possession of T. C. Forrest, Jr., or the firm of which he was and is a member and by whom I am employed.

"After the survey was completed I prepared and caused to be prepared a map and plat of the old meander line of the Trinity River, which constitutes the boundary line between the above described property and the old channel of the Trinity River, which map and plat is attached to the original petition filed in the cause of City and County of Dallas Levee Improvement District, a municipal corporation, et al., vs. F. O. Wilemon and A. E. Wilemon, No. 63207–G in the District Court of Dallas County, 134th Judicial District of Texas, and the same is hereby referred to and made a part hereof. That said survey and said map are an accurate and correct survey and map of the old channel of the Trinity River set aside for storage, drainage and conduit purposes, and the above described tract of land."

Defendants controverted the motion on various grounds and attached to their con-troverting affidavit an affidavit of O. R. McElya, a professional engineer, to effect that he had examined a resurvey of the 1926 survey made in 1952 by Cotton and Forrest, and the general warranty deed introduced in evidence, and found a great discrepancy in such description in the boundary.

From the pleadings and affidavits it appears beyond issue that the field notes of the meanders of the Old River Channel were set forth in the Report of the Commissioners of Appraisement; therefore the court did not err in holding that

"* * * by examining the pleadings and the evidence before it, and having heard and fully considered the same together with supporting and controverting affidavits and evidence and by interrogating counsel is of the opinion that there is no genuine issue of fact except as to the correct boundary line between the old channel of the Trinity River as set aside for storage, drainage and conduit purposes in the Plan of Reclamation of City and County of Dallas Levee Improvement District filed in the Office of the County Clerk of Dallas County, Texas, on November 6, 1926, the exact meander lines of which were established by a survey set forth in the Report of the Commissioners of Appraisement of City and County of Dallas Levee Improvement District filed in the office of the County Clerk of Dallas County, Texas, and as further shown and described in the map and plat of Industrial Improvement Project, Units One and Two, recorded in Volume 5, page 413, et seq., Map and Plat Records of Dallas County, Texas, and said property of the Defendants described in Exhibit 'B' of Plaintiffs' material allegations of Plaintiffs' First Amended Original Petition are true and correct * * *"

and in rendering summary judgment accordingly. Rule 166–A, T.R.C.P.

■■■ On the trial of the case the evidence was uncontroverted that the Survey of 1926 which surveyed the meander lines of the Old Channel of Trinity River set

aside for the storage of storm waters was accurate and correct. Defendants' witness Garrett stated that the land had not accreted from natural causes since 1926. As a matter of law the State had not abandoned the channel of the old river, since it was used for transmission and storage of storm waters. Section 3, Art. 7467b, R.C.S. There was no question but that the resurvey of 1952 correctly located the 1926 survey on the ground. Defendants did not contend otherwise. Their sole contention seems to be that the 1926 survey is incorrect because it would place large trees in the bed or channel of the old river. This question was foreclosed in Ray v. State, supra, which involves 151.47 acres of land of which the land in suit was a part; therefore there was no issue of fact to submit to the jury, and the court did not err in withdrawing the case and rendering judgment for plaintiffs. We are also of the opinion that Ray v. State and Cox v. City & County of Dallas Levee Improvement District, supra, are stare decisis of the law in this case, and for these reasons all of appellants' points are overruled and the judgment of the trial court is affirmed.